The question of whether Hilda R. Kovacs had authority to execute the alleged new contract with plaintiff Edward J. Kovacs, containing an agreement to rescind the old contract, does not here arise, for neither he nor the vice-president, Hilda R. Kovacs, presumed to act upon her authority, but called upon the president, and they are bound by her alleged authorization. On said plaintiff's own version of the alleged novation, he neither requested, nor did Mrs. Whitman (the president of both corporations) direct, that a contract be given him by Countess Mara, Inc. The question of whether the execution of the alleged new contract with Countess Mara Manufacturing Corporation was, in fact, authorized must await the trial. The alleged oral contract on which plaintiffs Hilda R. Kovacs and Lillian Rothman sue is too vague and indefinite to establish a binding promise. Further, since the alleged contract was unilateral, the defendant Lueilla de Y. Whitman might at any time before complete performance withdraw her offer. These plaintiffs were employees and officers of Countess Mara, Inc., and as such were required to exercise their best efforts in its behalf. Their position, therefore, was not affected by the offer of the defendant Lueilla de Y. Whitman or its subsequent withdrawal. Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur. [See post, pp. 1002, 1055.]